```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| TREMAINE R. SCOTT, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action |
| v. | No. 16-cv-07760 (JBS-AMD) |
| CAMDEN COUNTY JAIL, | **OPINION** |
| Defendant. | |

APPEARANCES

Tremaine R. Scott, Plaintiff Pro Se
2902 North Congress Road
Camden, NJ 08104

**SIMANDLE, District Judge:**

1. By Complaint dated October 24, 2016, Plaintiff Tremaine R. Scott sought to bring a civil rights action pursuant to 42 U.S.C. § 1983 against Camden County Jail ("CCJ") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1 ("Original Complaint"), § III(A). The Complaint stated in its entirety: "Stripped search [sic][.] Slept on hard floor." Original Complaint § III(A).

2. The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77, requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). The Court must sua sponte dismiss any claim that is

1

frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. In accordance with these directives of the PLRA, this Court undertook the requisite screening and, by Order dated March 3, 2017 (Docket Entry 4 ("Dismissal Order")): (a) dismissed with prejudice Plaintiff's claims against the Camden County Jail; and (b) dismissed without prejudice Plaintiff's claims alleging constitutional violations as to conditions of confinement.

4. The March 3, 2017 dismissal of Plaintiff's claim against the Camden County Jail was with prejudice because, as explained in this Court's Opinion that accompanied the Dismissal Order, correctional facilities are not "state actors" subject to liability within the meaning of 42 U.S.C. § 1983. Docket Entry 10, at 5-6 ("Dismissal Opinion") (citing *Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983)).

5.   The March 3, 2017 dismissal of Plaintiff's conditions of confinement claim was without prejudice because, even accepting the statements in § III of Plaintiff's Complaint as true for screening purposes only ("strip search. Slept on hard floor" (Original Complaint § III(C)), there was not enough factual support for the Court to infer that a constitutional violation had occurred in connection with Plaintiff's incarceration. Dismissal Opinion at 12-13.

6.   The Dismissal Order granted Plaintiff leave to amend the Complaint within 30 days of the date of the Dismissal Order to plead sufficient facts to support a reasonable inference that a constitutional violation occurred during his confinement, such as: adverse conditions that were caused by specific state actors; adverse conditions that caused Plaintiff to endure genuine privations and hardship over an extended period of time; or adverse conditions that were excessive in relation to their purposes.

7.   On May 9, 2017, Plaintiff submitted an Amended Complaint, again asserting claims arising from incarceration at "Camden County Jail" (Docket Entry 5 ("Amended Complaint") at § III(A)), but differing slightly from the Original Complaint as to conditions of confinement facts and alleged injuries. Plaintiff states in his amended complaint: "Defendant was arrested and held at CCJ [.] Place to sleep on floor w/ 3 to 4

other inmates. Also, was stripped search." Amended Complaint, Docket Entry 5, § III(C). Original Complaint, § III(C).

8. In accordance with the directives of the PLRA, the Court must now screen the Amended Complaint to dismiss any claim that is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from suit. Pursuant to this mandate of the PLRA, the Court now finds that Plaintiff's May 9, 2017 Amended Complaint is insufficient to constitute an amended complaint that survives this Court's review under § 1915.

9. First, Plaintiff still asserts Camden County Jail as the defendant in his action. As the Court stated in its opinion dismissing claims against this defendant with prejudice, the CCJ is not a "state actor" within the meaning of § 1983. *See, e.g., Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Accordingly, the claims against CCJ must be dismissed with prejudice.

10. Second, like the Original Complaint, the Amended Complaint still does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred as to conditions of confinement.

11. Due process analysis requires courts to consider whether the totality of confinement conditions "cause[s] inmates

to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them." *Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008). Due process protections "secure the individual from the arbitrary exercise of the powers of government, unrestrained by the established principles of private right and distributive justice." *Hurtado v. California,* 110 U.S. 516, 527 (1884). "[O]nly the most egregious official conduct can be said to be 'arbitrary in the constitutional sense,' *Collins v. City of Harker Heights,* 503 U.S. 115, 129 (1992), thereby recognizing the point made by Chief Justice Marshall, that 'it is *a constitution* we are expounding,' *Daniels v. Williams*, 474 U.S. 327, 332 (1985) (quoting *M'Culloch v. Maryland,* 17 U.S. 316 (1819) (emphasis in original))." *City of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

12. Furthermore, the Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).

13. Accordingly, to demonstrate that purportedly crowded incarceration conditions of a pretrial detainee shock the conscience and thus violate due process rights, more is necessary than that provided by Plaintiff. Thus, the Amended Complaint does not cure the pleading defects in the Original Complaint as to Plaintiff's condition of confinement claims.

14. Therefore, even liberally construing the Complaint and the Amended Complaint as this Court is required to do, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013), Plaintiff has still failed to plead sufficient facts to support a reasonable inference that a constitutional violation occurred during his incarceration in order to survive this Court's review under § 1915.

15. In light of the opportunity that has already been afforded to Plaintiff by this Court's March 3, 2017 Dismissal Order to submit a complaint that meets the requisite pleading standards, and given Plaintiff's inability in the May 9, 2017 Amended Complaint to allege facts sufficient to survive § 1915 review, the Court concludes that permitting further amendment would be futile and hereby dismisses the entirety of all claims in both the Original Complaint and in the Amended Complaint with prejudice. *See Hoffenberg v. Bumb*, 446 F. App'x 394, 399 (3d Cir. 2011); *Rhett v. N.J. State Superior Court*, 260 F. App'x 513, 516 (3d Cir. 2008) (affirming dismissal with prejudice after District Court gave *pro se* plaintiff several opportunities to comply with Rule 8).

16. For the reasons stated above: (a) the Complaint remains dismissed with prejudice as to Plaintiff's claims against the defendants; (b) the Complaint is dismissed with prejudice as to claims concerning conditions of confinement, for

failure to state a claim; and (c) the Amended Complaint is dismissed with prejudice in its entirety, for failure to state a claim.

17. An appropriate order follows.

 **August 16, 2017**  　　　　　　　 **s/ Jerome B. Simandle**
Date                                 JEROME B. SIMANDLE
                                     U.S. District Judge